UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALUIZIO R.D.S.,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-05859-TLN-SCR<br><br>A # 213-566-817<br><br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Aluizio R.D.S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondents filed a response. (ECF No. 8.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background[2]

Petitioner is an asylum-seeker who entered the United States on December 23, 2019, with his wife and son. (ECF No. 1 at 5.) Petitioner and his family presented themselves to border patrol agents who released them into the country on conditions. (*Id.*) Petitioner maintains he complied with the terms of his release. (*Id.*) Petitioner supports his family financially. (*Id.* at 6.) He has worked for seven years and has no criminal record. (*Id.*)

On June 15, 2026, Petitioner was driving to work when he was pulled over by a U.S. Immigration and Customs Enforcement ("ICE") agent. (*Id.* at 5.) Petitioner was detained and transferred between multiple detention facilities. (*Id.* at 5–6.) Petitioner was ultimately transferred to the Golden State Annex detention facility where has remained in custody for over a months without a hearing to determine whether his detention is justified. (*Id.* at 2, 6.)

On July 27, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus and Motion for TRO. (ECF Nos. 1, 2.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (ECF No. 1 at 16–17.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

[2] These facts come from Petitioner's habeas petition. (ECF No. 1.) Despite being ordered to provide Petitioner's Form I-213 and other relevant documents with their response, Respondents' response contains no documents or additional facts. (*See* ECF No. 8.) The Court thus understands Petitioner's facts to be uncontested.

*Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16–17.) In opposition, Respondents acknowledge "[t]his case is in the category of immigration cases for which the Court has typically ordered immediate release," but maintains Petitioner does not possess a right to freedom because he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").[3] (ECF No. 8 at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d

---

[3] Though Respondents only cite generally to 8 U.S.C. § 1225(b), based on the surrounding context, the Court understands their position to be that Petitioner is detained under § 1225(b)(2).

1025, 1032 (N.D. Cal. 2025).

The government's decision to release Petitioner on conditions was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Petitioner maintains that he complied with the terms of his release, and Respondents do not contest that. Petitioner has lived in the United States for nearly seven years, during which time he worked and provided for his family. The amount of time Petitioner spent released in this country and the life he built in that time create a powerful interest for Petitioner in his continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly).

Respondents' argument that Petitioner has no right to freedom as an "applicant for admission" subject to mandatory detention under § 1225(b)(2) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("1226(a)"). *Id.* at *3. Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

B. <u>Process Required</u>

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). These factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, Petitioner has a substantial private interest in his own liberty that is unquestionably

affected by the government's actions detaining him. Second, the risk that Petitioner is being erroneously deprived of his liberty is considerable. Respondents do not argue Petitioner is a danger or a flight risk, he has no criminal history, Petitioner has demonstrated ties to the United States, and he has received virtually no procedural safeguards to ensure his detention is justified. *See Zadvydas*, 533 U.S. at 690 (noting that because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh an individual's protected liberty interest for his detention to comport with due process). Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low as the effort and cost required to provide procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Respondents set forth no legitimate interest in detaining Petitioner absent procedural protections.

Upon consideration of the *Mathews* factors, the Court finds due process required that Petitioner receive notice and a hearing before a neutral decisionmaker prior to detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Aluizio R.D.S. (A# 213-566-817) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice certifying compliance** with this provision of the Court's Order **within two (2) court days** from the date of this Order.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate flight risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be

allowed to have counsel present.

3. Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

4. Petitioner's Application to Proceed In Forma Pauperis (ECF No. 3) and Motion to Appoint Counsel (ECF No. 4) are DENIED as moot.

5. **The Clerk of Court is directed to serve Golden State Annex Detention Facility with a copy of this Order.**

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED: July 31, 2026

Troy L. Nunley
Chief United States District Judge